UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-23816-CIV-SELTZER

CONSENT CASE

GUILLERMO BORDIES MONTOYA,
and all other similarly situated within
the meaning of 29 U.S.C. § 216(b),

    Plaintiff,

vs.

L.C. 1 TRUCKING CORP,
and LUIS PALMA,

    Defendants.
_____/

## ORDER ON MOTION TO STRIKE

THIS CAUSE is before the Court on Plaintiff's Motion to Strike Both Defendant's Answers (DE 12), and Defendants' response thereto (DE 14). Plaintiff has not filed a reply and the time for doing so has passed. The Court having considered the parties' respective filings and being sufficiently advised, it is hereby ORDERED that Plaintiff's Motion is DENIED for the reasons set forth below.

Plaintiff brings this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* alleging that Defendants failed to pay him minimum wages and overtime wages. Defendants jointly filed an Answer and Affirmative Defenses (DE 9); the last paragraph states: "Wherefore, in light of the foregoing, Defendants . . . respectfully request that this Court enter an Order dismissing Plaintiff's Complaint with prejudice and awarding Defendants costs and attorney's fees, along with any other such relief that the

Court deems just and proper." Plaintiff now moves to strike from Defendants' Answer and Affirmative Defenses the Defendants' prayer for attorney's fees.[1]

Under Federal Rule of Civil Procedure 12(f), "a court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "However, a motion to strike is a drastic remedy, which is disfavored by the courts. Accordingly, motions to strike are usually denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." Zeron v. C & C Drywall Corp., Inc., No. 09-60861, 2009 WL 2461771, at *1 (S.D. Fla. Aug. 10, 2009) (Cohn, J.) (internal citations and quotation marks omitted). "In the end, the decision to strike a pleading is committed to the . . . court's broad discretion." Achievement & Rehabilitation Ctrs, Inc. v. City of Lauderhill, No. 12-61628-Civ, 2012 WL 6061762, at *1 (S.D. Fla. Dec. 6, 2012) (Scola, J.) (citation and internal quotation marks omitted).

Here, Plaintiff argues that Defendants' prayer for attorney's fees should be stricken from their joint answer because the FLSA does not entitle a defendant to attorney's fees. However, numerous district courts in the Eleventh Circuit, including courts in this District, have considered and rejected the precise argument advanced by Plaintiff. See, e.g., Caballero v. AAA Diversified Servs., Inc., No. 8:10-CV-0680-T-23EAG, at *1-2 (M.D. Fla. July 27, 2010) (report and recommendation adopted in 2010 WL 322102, at*1 (M.D. Fla. Aug. 16, 2010)); Perales v. Schear Corp., No. 2:09-cv-669-Ft-M-29DNF, 2010 WL 1839295, at *3 (M.D. Fla. May 10, 2010); Hansen v. ABC Liquors, Inc., No. 3:09-cv-966-J-34MCR, at *5 (M.D. Fla. Nov. 9, 2009); Zeron, 2009 WL 2461771, at *4; Mullis v. Universal

---

[1] Although Plaintiff's Motion is entitled as one to strike Defendants' entire answers, the Motion itself only seeks to strike Defendants' request for attorney's fees.

Select, Inc., No. 97-1220-Civ-J-21A, 1997 WL 827408, at *1 (M.D. Fla. Dec. 15, 1997). These courts each declined to strike a prayer for attorney's fees from a defendant's answer in a FLSA case.  The courts reasoned that although the FLSA does not authorize a fee award to a prevailing defendant, attorney's fees may nonetheless be awarded pursuant to the court's inherent power or Federal Rule of Civil Procedure 11, under appropriate circumstances.  The decision in Mullis is instructive:

> Although attorney's fees are generally not allowed to prevailing Defendants in FLSA actions, under limited circumstances such fees are recoverable.  Specifically, an award of fees is obtainable in some cases involving bad faith or willful motives. As stated in Kreager v. Solomon & Flanigan, P.A., 775 F.2d 1541, 1543 (11th Cir. 1995):
>
>> Courts have the "inherent power" to assess attorney's fees as a fine for the willful disobedience of a court order, or when the losing party has "acted in bad faith, vexatiously, wantonly or for oppressive reasons." The bad faith exception to the American Rule is not limited to suits that are filed in bad faith.  The exception also encompasses bad faith acts preceding and during litigation. [citations omitted].
>
> Alternatively, attorney's fees are recoverable in appropriate instances under Rule 11(c)(2), Federal Rules of Civil Procedure.

Mullis, 1997 WL 827408, at *1; see also Zeron, 2009 WL 2461771, at *4 (declining to strike request for attorney's fees in "Wherefore Clause," stating:  "Although the FLSA only provides for the award of attorney's fees to prevailing plaintiffs, courts do have the inherent power to assess attorney's fees when the losing party has acted for any bad faith, vexatious, wanton, or oppressive purpose. . . . While the Court is confident that Plaintiffs would not pursue this litigation for any such purpose, it would not be prejudicial to any party

3

for the Court to reserve jurisdiction to hear such a motion should the circumstances require.").

Given that motions to strike are disfavored, that a defendant in a FLSA action may be awarded attorney's fees in limited circumstances, and that no party would be prejudiced by inclusion of Defendants' fee request, the Court declines to strike Defendants' prayer for attorney's fees from the "Wherefore Clause" of their Answer and Affirmative Defenses.

DONE AND ORDERED in Fort Lauderdale, Florida, this 13th day of February 2013.

_____
BARRY S. SELTZER
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies to:

All counsel of record