UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-23816-CIV-SELTZER

CONSENT CASE

GUILLERMO BORDIES MONTOYA,

    Plaintiff,

vs.

L.C. 1 TRUCKING CORP. and LUIS PALMA,

    Defendants.
_____/

## ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

THIS CAUSE is before the Court on Defendant's Motion for Final Summary Judgment with Incorporated Statement of Undisputed Material Facts and Supporting Memorandum of Law (DE 29) and Plaintiff's Cross Motion for Summary Judgment (DE 34) and was referred to the undersigned Magistrate Judge pursuant to the consent of the parties.

## BACKGROUND

Plaintiff Guillermo Bordies Montoya brings this action against Defendants L.C. 1 Trucking Corp. ("L.C. 1 Trucking") and Luis Palma ("Palma"), under the Fair Labor Standards Act ("FLSA").  The Complaint alleges that Defendant L.C. 1 Trucking is a Florida corporation "involved in all facets of the trucking industry" and that Defendant Palma "acted and acts directly in the interests of [LC.1 Trucking] in relation to its employees."  Id. ¶¶ 6, 7.  According to the Complaint, Plaintiff worked for Defendants from 2009 through September 2011; his work duties (allegedly) included "both the maintenance of security in

the field and light mechanical maintenance duties associated with trucks and trailers, namely tire related duties" Id. ¶ 10.  The Complaint further alleges that "Plaintiff's security in the field duties involved around the clock, seven days a week, presence and work time." Id.  According to the Complaint, Defendants paid Plaintiff $100 per week and provided him shelter (a trailer on the property), id. ¶ 11, yet Defendants failed to pay him both a minimum wage and overtime pay as required by the FLSA.  Id. ¶ 14.  Defendants have denied the material allegations of the Complaint and have raised several affirmative defenses, including lack of subject matter jurisdiction.  More specifically, Defendants assert that they were not Plaintiff's employer within the meaning of the FLSA, and further that Defendants' gross revenue was less than the $500,000 threshold for enterprise coverage under the Act. See Defendants' Answer and Affirmative Defenses (DE 9, 10).

## STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure authorizes summary judgment where the pleadings and supporting materials show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  A fact is "material" if it must be decided to resolve the substantive claim or defense to which the motion is directed; an issue is "genuine" if a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Hairston v. Gainesville Sun Publishing Co., 9 F.3d 913 (11th Cir. 1993).

The moving party has the burden to establish the absence of a genuine issue as to any material fact. Adickes v. S.H. Kress and Co., 398 U.S. 144, 157 (1970).  Once the movant has satisfied its initial burden, the non-moving party must then go beyond the pleadings to rebut any facts properly presented; it may do so through affidavits or other

evidence showing the existence of genuine issues of material fact for trial. Fed. R. Civ. P. 56(e); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Adickes, 398 U.S. at 160. To create a genuine issue, however, the non-moving party must present more than just some evidence of a disputed fact. As the United States Supreme Court has explained: "[T]here is not an issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the [non-moving party's] evidence is merely colorable, or is not significantly probative, summary judgment must be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted). Summary judgment is also appropriate when, after adequate time for discovery, the non-moving party cannot establish an essential element on which it bears the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." Id.

## CROSS-MOTIONS FOR SUMMARY JUDGMENT

The parties' cross-motions for summary judgment place at issue whether Plaintiff is covered by the FLSA. That statute requires "employers who meet its preconditions to pay workers a minimum wage and to provide overtime pay where workers exceed forty hours per week." Polycarpe v. E&S Landscaping Serv., Inc., 616 F.3d 1217, 1220 (11th Cir. 2010). Yet, to be eligible to recover a minimum wage and/or overtime pay an employee must first establish he is protected by the FLSA, based on either enterprise coverage or individual coverage. Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1298-1299 (11th Cir. 2011). Defendants argue that they are entitled to

summary judgment because the undisputed material facts establish that Plaintiff cannot meet the requirements for enterprise coverage and that there exists no individual coverage. Plaintiff counters that he is the party entitled to summary judgment on the issue of FLSA coverage.[1]

### Enterprise Coverage

An employee is subject to enterprise coverage if he is "'employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. §§ 206(a) (minimum wage provision) and 207(a)(1) (overtime provision). Section 203(s)(1)(A) provides that an "enterprise engaged in commerce or in the production of goods for commerce is one that:

> (i) has employees engaged in [interstate] commerce or the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less that $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29 U.S.C. § 203(s)(1)(A)(i) and (ii) (emphasis added).

In support of their summary judgment motion, Defendants have submitted the Affidavit of Defendant Palma; attached to the Affidavit are the corporate defendant's 2009, 2010, and 2011 income tax returns. Palma, who is L.C. 1 Trucking's president, attests that

---

[1] Plaintiff also argues that he is entitled to summary judgment on the issue of whether he was Defendants' employee. Although throughout this litigation Defendants have repeatedly asserted that they did not "employ" Plaintiff, in their reply memorandum in support of their summary judgment motion, Defendants acknowledge that "there is sufficient evidence that Plaintiff was an 'employee' within the meaning of the FLSA." Reply at 4 (DE 40). Plaintiff, therefore, is entitled to summary judgment on this issue.

4

the corporation's gross receipts were $46,979 for 2009, $51,316 for 2010, and $104,030 for 2011. Palma Aff. ¶ 5 (DE 29-1). Plaintiff has not proffered any evidence to counter these amounts;[2] rather, he argues that the individual defendant's (Palma's) income must be combined with the corporate defendant's (L.C. 1 Trucking's) income to determine the total gross receipts for each year. Although the individual and corporate defendants dispute the propriety of aggregating their income to determine whether the enterprise threshold has been met, they have submitted a second affidavit of Palma, in which he attests that his total income was approximately $15,000 for 2009 and approximately $2,000 for 2010. Palma further attests that he had no income for 2011. Palma Second Aff. ¶ 2 (DE 41). Hence, aggregating L.C. 1 Trucking's income and Palma's income falls far short of the $500,000 threshold for invoking enterprise coverage in any of the years in which Plaintiff worked for Defendants. Because Plaintiff has failed to proffer any probative evidence from which a jury (or this Court)[3] could find that Defendants (together or individually) grossed more than $500,000 in any year, Defendants are entitled to summary

---

[2] According to Plaintiff, Defendants own trucks that travel in interstate commerce. He contends that "it naturally follows that both Defendants were paid for such services. Said income appears not to be reported in L.C. 1 Corp.'s tax returns." Response at ¶ 3 (DE 33) (emphasis in original). Additionally, Plaintiff argues that because Defendants failed to disclose any financial records relating to this endeavor, a genuine issue of material fact exists as to Defendants "true, gross, and total incomes, so as to satisfy the gross annual threshold requirement of $500,000"). The Court disagrees. Even if Defendants own such trucks (which Defendants dispute), it is Plaintiff's burden to establish enterprise coverage. Further, in opposing Defendants' summary judgment, Plaintiff must come forward with some probative evidence to demonstrate that the earnings from owning and operating the trucks, combined with the record evidence of Defendants' earnings, would push their total gross earnings above the $500,000 threshold. He has failed to do so.

[3] Plaintiff has waived his right to a jury trial and has consented to a bench trial before this Court. See Joint Scheduling Report ¶ 2 (DE 26) ("Plaintiff withdraws his request for trial by jury. . . ."); Consent to Proceed before Magistrate Judge (DE 20).

judgment on the issue of enterprise coverage. Yet, Plaintiff could still maintain his FLSA action, were he able to establish individual coverage.

## Individual Coverage

An employee may claim individual FLSA coverage if he "regularly and 'directly participates in the actual movement of persons or things in interstate commerce.'" Jesendis, 662 F.3d at 1298 (quoting Thorne v. All Restorations Servs., Inc., 448 F.3d 1264, 1266 (11th Cir. 2006)). As the Eleventh Circuit has explained:

> [F]or an employee to be "engaged in commerce" under the FLSA, he must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.*, transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.*, regular and recurrent use of interstate telephone, telegraph, mails, or travel.

Thorne, 448 F.3d at 1266 (citing McLeod v. Threlkeid, 319 U.S. 491, 493-98 (1943)). Accordingly, "to survive summary judgment on this issue, Plaintiff must produce admissible evidence that he (1) worked directly for an instrumentality of interstate commerce, or (2) regularly used the instrumentalities of interstate commerce." Quezada v. Sante Shipping Lines, Inc., No. 11-23246-Civ, 2013 WL 1334516, at *9 (S.D. Fla., Mar. 29, 2013) *(*Torres, M.J.) (citing Josendis, 662 F.3d at 1316).

Plaintiff contends that individual coverage exists because his work related to instrumentalities of commerce, that is, trucks that travel in interstate commerce. In support, Plaintiff relies on his own affidavit, in which he attests that Defendants' business hub in Medley, Florida, was utilized to park and secure approximately 40 "large 18-wheeler trucks" that "drove, mostly, across state lines to and from destinations outside the state of

6

Florida. . . ." Montoya Controverting Aff. ¶¶ 2-4 (DE 33-1). Further, Plaintiff attests that beyond providing a parking facility for trucks utilized in interstate commerce, Defendants themselves owned "several 18 wheel trucks and trailers [that] shipped materials across this country to New York, New Jersey and Illinois, specifically." Id. ¶ 2. In addition to his own affidavit, Plaintiff submits the affidavits of two interstate truck drivers – Jorge Luis Diaz and Guillermo Bordie Navarro – who attest that in 2009 through 2011 (the relevant time period) they (and other truckers) utilized Defendants' lot to park, store, and repair their trucks and that they (and the other truckers) traveled in interstate commerce. Diaz Controverting Aff. ¶ 1 (DE 33-3); Navarro Controverting Aff. ¶ 1 (DE 33-4). Navarro additionally attests that Defendants "owned their own tractor trailers and shipped materials across this country throughout the northeast." Id.[4]

Whether Plaintiff "regularly and 'directly participates in the actual movement of persons or things in interstate commerce,'" such that individual coverage would exist, requires an analysis of Plaintiff's job duties. The parties, however, disagree as to the duties Plaintiff was required to perform. Defendants contend that their "sole business is the operation of the storage/parking lot where Plaintiff stayed and Plaintiff's sole function was to open the gate of the trucking yard in the morning and close the gate at night and to call [Palma] if there were any problems." Motion at 29 (DE 29) (citing Palma Aff. ¶ 6 (DE 29-1)). According to Defendants, Plaintiff "performed no other services for L.C. 1

---

[4] Plaintiff also submits the affidavit of Eddie Gonzalez (DE 33-2), the individual who Plaintiff replaced. Gonzalez attested to the interstate travel of the trucks that utilized Defendants' lot and to Defendants' ownership of trucks that shipped materials across the country. Gonzalez's affidavit, however, relates to a time-frame that precedes Plaintiff's employment.

7

Trucking"; Plaintiff "did not have a schedule and could come and go as he pleased." Palma Aff. ¶ 6 (DE 29-1). In exchange, Palma permitted Plaintiff to live in the trailer and paid him $100 per week. Id.

By contrast, Plaintiff represents that "his primary work duty was to allow for the entrance and [exit] from the hub 24 hours a day,[5] in addition to protecting the 18 wheel tractor trailers on the lot from theft and vandalism. This was a seven day a week, 24 hour a day job." Montoya Aff. ¶ 4 (DE 33-1). According to Plaintiff, he was required to live in the mobile home on Defendants' lot as a condition of his employment; he needed to be on the property around the clock to provide security for the trucks. Id. ¶¶ 6-7. Plaintiff also states that he was required to apprise Palma of any problems or disturbances on the lot at any time that Palma was not present; Palma provided him a cellular telephone for this purpose. Id. ¶¶ 1,7. Finally, Plaintiff attests that he "serviced the Defendants' 18 wheelers as well as the others' 18 wheelers utilizing the lot," id. ¶ 2, and he "checked the air level of each tractor trailers' tires and reported any deficiencies to the owners." Id. ¶ 7. Defendants counter that if Plaintiff performed light maintenance and checked the 18-wheelers' tire air levels, he did not do so at Palma's direction and that any such activities "had nothing to do with what [Plaintiff] was doing for [him] or LC1 Trucking." Second Palma Aff. ¶ 3 (DE 41).

The parties' conflicting affidavits with respect to Plaintiff's job duties create genuine issues of material fact as to whether individual coverage exists under the FLSA, which preclude the entry of summary judgment for either party on the issue of individual

---

[5] Plaintiff attests that the lot was kept locked from 5:00 p.m. to 9:00 a.m. each day. Montoya Aff. ¶ 2 (DE 33-1).

coverage. The Court will revisit the issue at the bench trial, when such factual disputes may be properly resolved.

## ORDER

Based on the foregoing, it is hereby ORDERED as follows:

1. Defendants' Motion for Summary Judgment (DE 29) is GRANTED to the extent the Court finds that enterprise coverage does not exist and is DENIED in all other respects;

2. Plaintiff's Cross-Motion for Summary Judgment is GRANTED to the extent the Court finds that Defendants were Plaintiff's employer within the meaning of the FLSA and is DENIED in all other respects; and

3. A bench trial will be set by further Order of the Court; at the trial, the Court will decide whether there exists individual FLSA coverage.

DONE AND ORDERED in Fort Lauderdale, Florida, this 12th day of September 2013.

_____
BARRY S. SELTZER
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies to:

All counsel of record